UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL TERRILL FAIRCLOTH,

    Petitioner,

v.                                                     CASE NO.:  5:20-cv-430-JLB-PRL

WARDEN, FCC COLEMAN -
MEDIUM,

    Respondent.

## OPINION AND ORDER

Pending before the Court is Petitioner Michael Terrill Faircloth's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner alleges the Federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence by not crediting the time he has served and by not aggregating his three sentences.  In its response, Respondent asks the Court to dismiss the Petition for failure to exhaust administrative remedies or, alternatively, deny the Petition because Petitioner's sentence is correctly calculated.  (Doc. 11.)  Petitioner, through counsel, has filed a reply to the response.  (Doc. 19.)[1]  The matter is ripe for review.

### I.    Background

Petitioner's arguments relate to three federal sentences he received.  The relevant sequence follows.

---

[1] The Court notes that counsel represented Petitioner *pro bono*.  (See Doc. 15).  The Court thanks counsel for his service and his submission of briefing on Petitioner's behalf.

On September 24, 2007, Petitioner was sentenced to a term of 120 months' imprisonment for his November 30, 2005 offense of possession of ammunition by a convicted felon. See United States v. Faircloth, No. 2:06-cr-117-JES-MRM, Doc. 53 (M.D. Fla. Sept. 24, 2007). Petitioner received credit for time spent in custody between his arrest on November 30, 2005, and September 23, 2007. (See Doc. 11-1 at ¶ 9.) Petitioner was transferred to a Residential Reentry Center (or halfway house) on January 16, 2014; but he failed to return to the facility on February 12, 2014, and was placed on "escape status" the next day. (Id., ¶¶ 10–12.) BOP no longer afforded Petitioner credit toward this sentence by February 14, 2014. (Id., ¶¶ 12, 15.)

On May 21, 2014, Petitioner was arrested by Florida state authorities in Lee County, Florida, for new state offenses of possession of a firearm by a convicted felon, resisting an officer without violence, and carrying a concealed firearm. (Id., ¶ 13.)[2] Petitioner was then charged in federal court for the May 21, 2014 offense of possession of a firearm by a convicted felon. See United States v. Faircloth, No. 2:14-cr-76-SPC-MRM (M.D. Fla.). The state charges stemming from the May 21, 2014 arrest were dropped. (Doc. 11-1 at ¶ 14.) Additionally, Petitioner was federally charged in the Southern District of Florida for his February 12, 2014 escape from a halfway house. See United States v. Faircloth, No. 1:14-cr-20165 (S.D. Fla.).

---

[2] Petitioner has been in continuous custody since his arrest on May 21, 2014. (See id., ¶¶ 23-25.)

2

While these two 2014 federal cases were pending, the district court in the 2006 federal case granted Petitioner's 28 U.S.C. § 2255 motion based on <u>Johnson v. United States</u>, 576 U.S. 591 (2015).  <u>See</u> Doc. 62, No. 2:06-cr-117-JES-MRM (M.D. Fla.).  The district court resentenced Petitioner on December 5, 2016, to 41 months' imprisonment.  (Doc. 11-1 at 39–40.)  At resentencing, the district court "declined to decide whether [P]etitioner could 'bank' or receive credit for any portion of the 120 month prior sentence which was over-served."  <u>See</u> Doc. 102 at 5, No. 2:06-cr-117-JES-MRM (M.D. Fla.) (citing Doc. 84 at 30–31, No. 2:06-cr-117-JES-MRM (M.D. Fla.)).[3]

Thereafter, on June 19, 2017, Petitioner was sentenced to 120 months' imprisonment in the 2014 Middle District of Florida case for possession of a firearm by a convicted felon, to run "consecutive to the sentence imposed in 14-cr-165, US District Court for the Southern District of Florida."  <u>See</u> Doc. 227, No. 2:14-cr-76 (M.D. Fla.).  And on August 15, 2017, Petitioner was sentenced to 27 months' imprisonment for the escape offense in the 2014 Southern District of Florida case, to run consecutive to the term imposed in the 2006 federal case.  <u>See</u> Doc. 30, No. 1:14-cr-20165 (S.D. Fla.).

Petitioner asserts two grounds for relief.  He first contends that the BOP incorrectly calculated his sentence by not crediting the time he has already served

---

[3]  The district court also denied a subsequent section 2255 motion presenting claims, including based on the ineffective assistance of counsel, relating to this over-served time.  <u>See</u> Doc. 102, No. 2:06-cr-117-JES-MRM (M.D. Fla.).  In its Order, the district court observed, among other things, that a sentence computation challenge must be brought under section 2241, rather than section 2255.  <u>See</u> <u>id.</u> at 16.

(Ground One). He further contends that the BOP made an error in calculating his sentence by not aggregating all three federal sentences (Ground Two). (Doc. 1 at 6–7; Doc. 19 at 2–7.) In Petitioner's view, all three of his sentences should be aggregated together, which would then result in the excess time he served in his 2006 case being applied to the overall term of imprisonment he received in the three cases. (See Doc. 19 at 4–7.)

Respondent disagrees that the three federal sentences should be aggregated, because Petitioner completed his sentence on the 2006 case before the sentences in the two 2014 cases were imposed (in 2017). (See Doc. 11-1 at ¶¶ 21–23 (citing 18 U.S.C. § 3584(a), (c))).[4] BOP agrees the time Petitioner spent in custody from October 30, 2008 through February 13, 2014, as well as from July 14, 2014 through January 14, 2015, is time "over-served" in his 2006 case. (Id., ¶ 18.) But BOP contends that it cannot credit a portion of this over-served time – i.e., October 30, 2008 through February 13, 2014 – to the sentences in the 2014 cases, because "this time is prior to the commission of the offenses in" the two 2014 cases. (Id., ¶ 23) (citing 18 U.S.C. § 3585(b)).

That said, following Petitioner's section 2241 petition, BOP subsequently credited from May 21, 2014 (Petitioner's arrest date for the offense in the 2014

---

[4] As relevant to the time calculations necessary here, the Respondent asserts that Petitioner would have satisfied the initially imposed 120-month sentence in the 2006 case on January 14, 2015. (Id., ¶ 15.) And in light of the sentence's subsequent reduction in 2016, and the jail credit earned between November 30, 2005, and September 23, 2007, Petitioner's reduced 41-month sentence would have been satisfied on October 29, 2008. (Id., ¶ 17.)

Middle District of Florida case) through June 18, 2017 (the day before sentencing in the 2014 Middle District of Florida case) toward Petitioner's two 2017 sentences. (Id., ¶¶ 23–26.) With that recalculation, Petitioner's present release date is January 4, 2025. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Sept. 26, 2023).

## II. Analysis

The Respondent first asserts that the Petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. Alternatively, the Respondent asserts that even if Petitioner's administrative remedies have been exhausted, the Petition should be denied because Petitioner's sentence has been correctly calculated.

Petitioner asserts that exhaustion would be futile, noting that this is a dispute of statutory construction, and asks the Court to rule on the merits. (Doc. 19 at 1–2.) Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. The Court has determined that jumping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. See id.

The Attorney General, through the BOP, is responsible for computing a prisoner's sentence, and applying and administering prior custody credits pursuant

5

to 18 U.S.C. § 3585(b).  See United States v. Wilson, 503 U.S. 329, 333–35 (1992).  Under section 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  18 U.S.C. § 3585(b).  In construing this statutory language, the Supreme Court has said that "Congress made clear that a defendant could not receive a double credit for his detention time."  Wilson, 503 U.S. at 337.

In essence, Petitioner seeks to apply the credit he overserved towards his later-incurred sentences.  The Court concludes, however, that under the plain text of the governing statutes, Petitioner is not entitled to additional credit for time served.

First, the Court disagrees with Petitioner's contention that all three federal sentences (imposed in the 2006 and the two 2014 cases) must be aggregated.  In 18 U.S.C. § 3584, Congress addressed multiple terms of imprisonment and provided, in relevant part:

> **(a) Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently….
>
> **(c) Treatment of multiple sentence as an aggregate.**--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

6

18 U.S.C.A. § 3584(a), (c).  In addition, 18 U.S.C. § 3585(a) specifies that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  The earliest date a sentence commences is the date of sentencing.  See Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (reiterating that "a federal sentence cannot commence prior to the date it is pronounced") (internal quotation marks and citation omitted).

Here, Petitioner had already completed his sentence in the 2006 case before the district courts sentenced him in June 2017 and August 2017.  See note 4, supra.  The Court accordingly concludes that BOP was not required to aggregate the 2006 sentence with the two 2017 sentences.  See United States v. Leaphart, 98 F.3d 41, 43–44 (2d Cir. 1996) ("When Leaphart was given his sentence . . . on the failure to appear conviction, he had already completed serving his sentence . . . on the bank theft conviction. . . . Because the first sentence expired before the second sentence was imposed, the two sentences cannot be aggregated."); Barroca v. Sessions, No. 2:18-03376 JGB (ADS), 2020 WL 4336273, *5 (C.D. Cal. May 18, 2020) (concluding aggregation under section 3584(c) did not apply where defendant's "1998 sentence was expired by the time the 2005 sentence was imposed"), report & recommendation adopted, 2020 WL 4927489 (C.D. Cal. Aug. 21, 2020).

Second, Congress provided that a defendant "shall" receive credit as follows:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

7

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of *any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed*;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Petitioner was sentenced in 2017 for his two 2014 offenses – i.e., the escape offense and the May 2014 felon-in-possession offense. Petitioner requests credit for his over-served time from the 2006 case, but his arrest in that case (which occurred in November 2005) was clearly not "after the [2014] commission of the offense[s] for which the [2017] sentence[s] [were] imposed." Thus, under the plain language of the statute, Petitioner is not entitled to credit for additional time served.

Petitioner, through counsel, presents the equitable argument that, if Petitioner's three sentences were not aggregated, the effect would be that he would not receive full credit for the amount of time served. (Doc. 19 at 2–7.)[5] In that regard, the Court takes seriously the concession by Respondent that Petitioner over-served his 2006 sentence. (Doc. 11 at 8 (agreeing that Petitioner overserved from October 30, 2008 through February 13, 2014)). But the Court is constrained to conclude, under the plain text of sections 3584 and 3585, that Petitioner has

---

[5] Further, counsel suggests that, as a matter of logic, the district court at the 2017 escape sentencing intended that consecutive sentence to be aggregated with the 2006 sentence – the sentence from which Petitioner escaped. (Id. at 4.)

8

received the credit to which he is entitled.[6]  The Court does not reach whether relief may be available through any other avenue.

### III.   Conclusion

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record

---

[6] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted.  Schriro v. Landrigan, 550 U.S. 465 (2007).  Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474.